AO 106 (Rev. 01/09) Application for a Search Warrant

# United States District Court
### for the
### Western District of New York



In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address.)*

(1) One HP laptop computer model 2000-2B09WM bearing S/N 5CG2390811

Case No. 15-MJ- **4153**

## APPLICATION FOR A SEARCH WARRANT

I, BRIAN HANLEY, a federal law enforcement officer, request a search warrant and state under penalty of perjury that I have reason to believe that there is now concealed on the following property located in the Western District of New York *(identify the person or describe the property to be searched and give its location)*:

**(1) One HP laptop computer model 2000-2B09WM bearing S/N 5CG2390811 currently in DEA custody.**

The above-described property is believed to contain records, fruits, instrumentalities, or evidence of a crime related to illegal firearms, possession and narcotics trafficking, in violation of Title 21, United States Code, Sections 841(a)(1) and 846 and Title 18, United States Code, Sections 922(g)(1), 922(j) and 924(c), and all of which are more fully described in Attachment A and the affidavit filed in support of this warrant, the allegations of which are adopted and incorporated by reference as if fully set forth herein.

The basis for search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☒ evidence of a crime;
- ☒ contraband, fruits of crime, or other items illegally possessed;
- ☒ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to violations of Title 21, United States Code, Sections 841(a)(1) and 846 and Title 18, United States Code, Sections 922(g)(1), 922(j) and 924(c), and the application is based on these facts which are continued on the attached sheet:

- ☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

S/A BRIAN HANLEY
DRUG ENFORCEMENT ADMINISTRATION
*Printed name and title*

Sworn to before me and signed in my presence.

Date:   September 18 , 2015

*Judge's signature*

HONORABLE MARIAN W. PAYSON
UNITED STATES MAGISTRATE JUDGE
*Printed name and Title*

City and state:  Rochester, New York

## ATTACHMENT A

All stored content related to the illegal purchase, possession and/or distribution of controlled substances and firearms, including violations of Title 21, United States Code, Sections 841(a)(1) (possession with the intent to distribute and distribution of controlled substances) and 846 (conspiracy to possess with intent to distribute and distribution of controlled substances and controlled substance analogues) and Title 18, United States Code, Sections 922(g)(1) (felon in possession of a firearm), 922(j) (receipt of a stolen firearm) and 924(c) (possession of a firearm in furtherance of a drug trafficking crime) and content tending to prove the identity of and relationships between any co-conspirators or any acts furthering a conspiracy to illegally purchase, possess or traffic firearms or controlled substances, created, generated or occurring on or after May 1, 2014 to March 24, 2015, including, but not limited to:

1.   Any subscriber information, contact information to include, names, addresses, telephone numbers, email addresses or other identifiers;

2.   Any call log information, including missed, incoming and outgoing calls and any information associated with those numbers;

3.   Any photographs, video and audio files;

4.   Any text messages, email messages, chats, multimedia messages, installed applications or other electronic communications;

5.   Any calendar, note, password, dictionary entries;

6.   Any Global Positioning Satellite (GPS) entries, Internet Protocol Connections, location entries to include addresses, cell tower and WiFi entries;

7.   Any internet or browser entries or history;

8.   Any system, data or configuration information contained within the device

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

_____

IN THE MATTER OF THE SEARCH OF                    15-MJ- 4153

    (1) One HP laptop computer model 2000-2B09WM bearing S/N 5CG2390811

_____

### AFFIDAVIT IN SUPPORT OF SEARCH & SEIZURE WARRANT

Brian Hanley, being duly sworn, deposes and states:

1.      I am a Special Agent with the Drug Enforcement Administration (DEA), and as such I am an "investigative or law enforcement officer" of the United States within the meaning of Section 2510(7) of Title 18, United States Code, that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 21, United States Code, Section 801, et seq. and Title 18, United States Code, Section 2516(1).

2.      I have been an employee of the DEA since December of 2001 and have received sixteen weeks of specialized training in narcotics investigations at the DEA training academy located in Quantico, Virginia. I was assigned to the Long Island District Office from December of 2001 to August of 2003. I have been assigned to the Rochester, New York Resident Office since August of 2003. During this time, I have participated in cases involving the distribution of cocaine, cocaine base, heroin, MDMA, marijuana, methamphetamine, Gama Hydroxy Butrate (GHB), and anabolic steroids. My participation in these cases has included, but is not limited to, the monitoring and recording

of court-authorized Title III interceptions; execution of search warrants; undercover operations; direction of confidential sources; and the debriefing of defendants and others involved in the distribution and consumption of illegal drugs.  I am familiar with how controlled substances are obtained, diluted, packaged, distributed, sold and used within the framework of drug trafficking in the Western District of New York. In addition, I have completed the DEA Clandestine Laboratory certification course.

3.      This affidavit is submitted in support of a search warrant to authorize the search and retrieval of the contents of the HP laptop computer model 2000-2B09WM bearing serial number 5CG2390811 (the "**Subject Property**") seized during the arrest of James Sandford, III on March 24, 2015, at 216 Liberty Street Penn Yan, NY which may be records, fruits, instrumentalities and evidence of violations of Title 21, United States Code, Sections 841(a)(1) (possession with intent to distribute controlled substances) and 846 (conspiracy to possess with intent to distribute, and to distribute, controlled substances and a controlled substance analogue) and Title 18, United States Code, Sections 922(g) (1) (felon in possession of a firearm), 922(j) (receipt of a stolen firearm) and 924(c)(possession of a firearm in furtherance of a drug trafficking crime). The **Subject Property** is currently in the custody of the Wayne County Sheriff's Office for forensic examination.

4.      As a result of my personal participation in this investigation, and thorough analysis of documents and records obtained by DEA Agents and other law enforcement officers, I am familiar with all aspects of this investigation.  Since this affidavit is being submitted for the limited purpose of obtaining a search warrant, I have not included each

2

and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish the required foundation for the requested warrant.

## SUMMARY OF EVIDENCE SUPPORTING SEARCH & SEIZURE WARRANT

5.      On June 4, 2015, your affiant applied for a federal search warrant for various items of electronic evidence, including the **Subject Property**. On that same date, Honorable Marian W. Payson, United States Magistrate Judge, Western District of New York, issued a warrant authorizing the search of, among other things, the **Subject Property**. Your affiant's application and the search warrant issued by Judge Payson on June 4, 2015, is attached hereto as Exhibit A and incorporated herein by reference. The June 4, 2015 search warrant commanded that the warrant be executed in accordance with the computer addendum, which required that the analysis of the digital evidence be completed within 60 days.

6.      On that same date, June 4, 2015, Judge Payson issued a criminal complaint (15-MJ-4090) charging SANDFORD with distribution, and possession with intent to distribute, of controlled substances, in violation of Title 21, United States Code, Section 841(a)(1), possession of a firearm by a convicted felon, in violation of Title 18, United States Code, Section 922(g)(1), and receipt of a stolen firearm, in violation of Title 18, United States Code, Section 922(j). Shortly thereafter, SANDFORD was arrested by members of the DEA Rochester Resident Office for the aforementioned charges.

7.      On June 6, 2015, your affiant turned over custody of the **Subject Property** to Wayne County Sheriff's Office Investigator Roger LeClair for analysis. The **Subject**

3

**Property** has remained in the continuous custody of the Wayne County Sheriff's Office since June 6, 2015.

8.     On or about July 14, 2015, a federal grand jury issued a 12-count Indictment (15-CR-6101), charging SANDFORD with conspiracy to possess with intent to distribute, and to distribute, controlled substances and a controlled substance analogue, in violation of Title 21, United States Code, Section 846; distribution of controlled substances and a controlled substance analogue within 1,000 feet of a school, in violation of Title 21, United States Code, Section 860(a) and Title 18, United States Code, Section 2; two counts of possession with intent to distribute, and distribution, of controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C); one count of distribution of a controlled substance to a person under age 21, in violation of Title 21, United States Code, Section 859(a); possession of a firearm in furtherance of a drug trafficking crime, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i); four counts of possession of controlled substances with intent to distribute, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C);  felon in possession of a firearm, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2); and possession of a stolen firearm, in violation of Title 18, United States Code, Sections 922(j), 924(a)(2), and 2.

9.     On August 31, 2015, Investigator LeClair notified your affiant that due to a backlog of work with his agency and the type of electronic evidence, his agency was not able to conduct the search of the HP laptop computer within the timeframe set forth in the June 4, 2015 search warrant.

4

10.     The **Subject Property** has remained in the custody and control of law enforcement since the issuance of the prior search warrant on June 4, 2015 and has not been changed, altered or tampered with in anyway.  James SANDFORD, III has not made any requests to the DEA for the return of the **Subject Property** and I have been advised by Assistant United States Attorney Jennifer M. Noto that SANDFORD, III has not made any similar requests to the United States Attorney's Office.

## PROBABLE CAUSE TO SEARCH FOR FRUITS, EVIDENCE, AND INSTRUMENTALITIES OF FIREARMS & NARCOTICS TRAFFICKING

11.     Based on the above, as well as the probable cause set forth in the June 4, 2015 affidavit, incorporated herein, and upon my training and experience, your affiant submits that probable cause exists to believe that the **Subject Property**[1] seized on March 24, 2015, continues to contain information that constitutes records, fruits, instrumentalities, or evidence of a crime, to wit, violations of Title 21, United States Code, Sections, 841(a)(1) (possession with intent to distribute controlled substances) and 846 (conspiracy to possess with intent to distribute and distribution of controlled substances and controlled substance analogues) and Title 18, United States Code, Sections 922(g)(1) (felon in possession of a firearm), 922(j) (receipt of a stolen firearm) and 924(c) (possession of a firearm in furtherance of a drug trafficking crime), as well as content tending to prove the identity of and relationships between any co-conspirators[2] or any acts furthering a conspiracy to

---

[1] The seizure and subsequent search of the Subject Property will be done in accordance with the attached Computer Search Addendum
[2] Meaning any individuals who conspired with, or aided and abetted James SANDFORD, III relating to the distribution of controlled substances and controlled substance analogues and the illegal possession of firearms, including but not limited to Edward Sandford.

5

illegally possess and distribute controlled substances and/or to illegally possess firearms, including the specific information and data set forth in Attachment A, attached hereto.

12.     Wherefore, it is respectfully requested that the Court issue the above requested search warrant authorizing law enforcement officers to search the **Subject Property** for evidence of violations of Title 21, United States Code, Sections 841(a)(1) (possession with intent to distribute controlled substances) and 846 (conspiracy to possess with intent to distribute and distribution of controlled substances and controlled substance analogues) and Title 18, United States Code, Sections 922(g)(1) (felon in possession of a firearm),  922(j) (receipt of a stolen firearm) and 924(c) (possession of a firearm in furtherance of a drug trafficking crime), as set forth in Attachment A annexed hereto.

BRIAN HANLEY
DEA SPECIAL AGENT

Subscribed and sworn to before
me this __18__ day of September, 2015

HONORABLE MARIAN W. PAYSON
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

AO 93 (Rev. 01/09) Search and Seizure Warrant

# United States District Court
### for the
### Western District of New York

| In the Matter of the Search of | |
|---|---|
| *(Briefly describe the property to be searched or identify the person by name and address.)* | |

(1)   One LG Tracfone bearing S/N 412CQUK2128046.
(2)   One HP laptop computer model 2000-2B09WM bearing S/N 5CG2390811
(3)   One Amazon Kindle No. D01400
(4)   One Olympus camera model no. SZ-10 bearing S/N JEHZ53456
(5)   One Samson recorder "Go Mic" N382
(6)   One I-Phone model A1532 IMEI 358534057592996
(7)   One Alcatel Tracfone model A205G bearing S/N 013325000620258
(8)   One ZTE Tracfone model Z990G bearing S/N 325822299332

Case No. 15-MJ-**4089**

## SEARCH AND SEIZURE WARRANT

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or any attorney for the government requests the search of the following property located in the Western District of New York *(identify the person or describe the property to be searched and give its location)*: **(1) One LG Tracfone bearing S/N 412CQUK2128046; (2) One HP laptop computer model 2000-2B09WM bearing S/N 5CG2390811; (3) One Amazon Kindle No. D01400; (4) One Olympus camera model no. SZ-10 bearing S/N JEHZ53456; (5) One Samson recorder "Go Mic" N382; (6) One I-Phone model A1532 IMEI 358534057592996; (7) One Alcatel Tracfone model A205G bearing S/N 013325000620258; (8) One ZTE Tracfone model Z990G bearing S/N 325822299332, which are all currently in DEA custody.**

The above-described property is believed to contain records, fruits, instrumentalities, or evidence of a crime related to illegal firearms, possession and narcotics trafficking, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Sections 922(g)(1) and 922(j), and all of which are more fully described in Attachment A.

I find that the affidavit of Special Agent <u>Brian Hanley</u>, incorporated herein, establishes probable cause to search and seize the property.

**YOU ARE COMMANDED** to execute this warrant on or before _June 14, 2015_
*(not to exceed 14 days)*

☑ in the daytime 6:00 a.m. to 10:00 p.m.      ☐ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge <u>HON. MARIAN W. PAYSON</u>.
*(name)*

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*      ☐ for ____ days *(not to exceed 30)*.
     ☐ until, the facts justifying, the later specific date of _____.

*The search shall be conducted in accordance with the protocol set forth in the attached Addendum*

Date and time issued: _June 4, 2015 at 9:55 a.m._         _Marian W Payson_
                                                                                      *Judge's signature*

City and State:  _Rochester, New York_            HONORABLE MARIAN W. PAYSON
                                                                     <u>UNITED STATES MAGISTRATE JUDGE</u>
                                                                     *Printed name and Title*

ATTACHMENT A

All stored content related to the illegal purchase, possession and/or distribution of controlled substances and firearms, including violations of Title 21, United States Code, Section 841(a)(1) (possession with the intent to distribute and distribution of controlled substances) and Title 18, United States Code, Sections 922(g)(1) (felon in possession of a firearm) and 922(j) (receipt of a stolen firearm) and content tending to prove the identity of and relationships between any co-conspirators or any acts furthering a conspiracy to illegally purchase, possess or traffic firearms or controlled substances, created, generated or occurring on or after May 1, 2014 to March 24, 2015, including, but not limited to:

1.  Any subscriber information, contact information to include, names, addresses, telephone numbers, email addresses or other identifiers;

2.  Any call log information, including missed, incoming and outgoing calls and any information associated with those numbers;

3.  Any photographs, video and audio files;

4.  Any text messages, email messages, chats, multimedia messages, installed applications or other electronic communications;

5.  Any calendar, note, password, dictionary entries;

6.  Any Global Positioning Satellite (GPS) entries, Internet Protocol Connections, location entries to include addresses, cell tower and WiFi entries;

7.  Any internet or browser entries or history;

8.  Any system, data or configuration information contained within the device

(Rev Final Version Approved by Mag. 5-4-04 - adding storage to electronic media)

## ADDENDUM TO SEARCH WARRANT
## SEARCH OF COMPUTERS OR OTHER ELECTRONIC STORAGE MEDIA

1.  The computer or electronic storage media search authorized by this warrant shall be completed within 60 days from the date of the warrant unless, for good cause demonstrated, such date is extended by Order of this Court.

2.  In conducting the search authorized by this warrant, the government shall make reasonable efforts to utilize computer search methodology to search only for files, documents or other electronically stored information which are identified in the warrant itself.

3.  Should the government not locate any of the items specified in the warrant (or other fruits, contraband, instrumentalities, or property subject to forfeiture) within the authorized search period (including any extensions granted), the government shall return the computer or electronic storage media to the owner.

4.  In any circumstance not covered by paragraph three (3) above, upon completion of the search, the government, upon request of the owner of the computer, shall promptly return to the owner of the computer copies of all files and documents requested and specified by the owner, excluding any items or files seized pursuant to the warrant or other fruits, contraband, instrumentalities or property subject to forfeiture.

5.  If electronically stored data or documents have been identified by the government pursuant to this warrant, or other fruits, contraband, instrumentalities or property subject to forfeiture, the government may retain the original hard drive or other data storage mechanism pending further order of this Court. The retention of the original hard drive or other data storage mechanism does not relieve the government of its obligation to return to the owner of the computer files, documents or other electronically stored information identified in paragraph (4) above.

6.  Nothing in this warrant shall limit or prevent the government from retaining the computer or electronic storage media as fruits, contraband or an instrumentality of a crime or commencing forfeiture proceedings against the computer and/or the data contained therein. Nothing in this warrant shall limit or prevent the owner of the computer or electronic storage media from (a) filing a motion with the Court pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure for the Return of Property or (b) making a request of the government to return certain specified files, data, software or hardware.

7.  Should there be a dispute or question over ownership of any computer or electronic storage media or any electronically stored data or documents stored therein, the government shall promptly notify this Court so that such dispute or question can be resolved.

AO 106 (Rev. 01/09) Application for a Search Warrant

# United States District Court
### for the
### Western District of New York

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address.)*

(1) One LG Tracfone bearing S/N 412CQUK2128046.
(2) One HP laptop computer model 2000-2B09WM bearing S/N 5CG2390811
(3) One Amazon Kindle No. D01400
(4) One Olympus camera model no. SZ-10 bearing S/N JEHZ53456
(5) One Samson recorder "Go Mic" N382
(6) One I-Phone model A1532 IMEI 358534057592996
(7) One Alcatel Tracfone model A205G bearing S/N 013325000620258
(8) One ZTE Tracfone model Z990G bearing S/N 325822299332

Case No. 15-MJ- *4089*

## APPLICATION FOR A SEARCH WARRANT

I, BRIAN HANLEY, a federal law enforcement officer, request a search warrant and state under penalty of perjury that I have reason to believe that there is now concealed on the following property located in the Western District of New York *(identify the person or describe the property to be searched and give its location)*:
**(1) One LG Tracfone bearing S/N 412CQUK2128046; (2) One HP laptop computer model 2000-2B09WM bearing S/N 5CG2390811; (3) One Amazon Kindle No. D01400; (4) One Olympus camera model no. SZ-10 bearing S/N JEHZ53456; (5) One Samson recorder "Go Mic" N382; (6) One I-Phone model A1532 IMEI 358534057592996; (7) One Alcatel Tracfone model A205G bearing S/N 013325000620258; (8) One ZTE Tracfone model Z990G bearing S/N 325822299332, which are all currently in DEA custody.**

The above-described property is believed to contain records, fruits, instrumentalities, or evidence of a crime related to illegal firearms, possession and narcotics trafficking, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Sections 922(g)(1) and 922(j), and all of which are more fully described in Attachment A and the affidavit filed in support of this warrant, the allegations of which are adopted and incorporated by reference as if fully set forth herein.

The basis for search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☒ evidence of a crime;
☒ contraband, fruits of crime, or other items illegally possessed;
☒ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to violations of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Sections 922(g)(1) and 922(j), and the application is based on these facts which are continued on the attached sheet:

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

S/A BRIAN HANLEY
DRUG ENFORCEMENT ADMINISTRATION
*Printed name and title*

Sworn to before me and signed in my presence.

Date: June 4, 2015

*Judge's signature*

HONORABLE MARIAN W. PAYSON
UNITED STATES MAGISTRATE JUDGE
*Printed name and Title*

City and state: Rochester, New York

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

IN THE MATTER OF THE SEARCH OF                    15-MJ-*4089*

    (1) One LG Tracfone bearing S/N 412CQUK2128046.
    (2) One HP laptop computer model 2000-2B09WM bearing S/N 5CG2390811
    (3) One Amazon Kindle No. D01400
    (4) One Olympus camera model no. SZ-10 bearing S/N JEHZ53456
    (5) One Samson recorder "Go Mic" N382
    (6) One I-Phone model A1532 IMEI 358534057592996
    (7) One Alcatel Tracfone model A205G bearing S/N 013325000620258
    (8) One ZTE Tracfone model Z990G bearing S/N 325822299332

---

## AFFIDAVIT IN SUPPORT OF SEARCH & SEIZURE WARRANT

       Brian Hanley, being duly sworn, deposes and states:

    1.    I am a Special Agent with the Drug Enforcement Administration (DEA), and as such I am an "investigative or law enforcement officer" of the United States within the meaning of Section 2510(7) of Title 18, United States Code, that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 21, United States Code, Section 801, et seq. and Title 18, United States Code, Section 2516(1).

    2.    I have been an employee of the DEA since December of 2001 and have received sixteen weeks of specialized training in narcotics investigations at the DEA training academy located in Quantico, Virginia. I was assigned to the Long Island District Office from December of 2001 to August of 2003. I have been assigned to the Rochester, New

York Resident Office since August of 2003. During this time, I have participated in cases involving the distribution of cocaine, cocaine base, heroin, MDMA, marijuana, methamphetamine, Gama Hydroxy Butrate (GHB), and anabolic steroids. My participation in these cases has included, but is not limited to, the monitoring and recording of court-authorized Title III interceptions; execution of search warrants; undercover operations; direction of confidential sources; and the debriefing of defendants and others involved in the distribution and consumption of illegal drugs. I am familiar with how controlled substances are obtained, diluted, packaged, distributed, sold and used within the framework of drug trafficking in the Western District of New York. In addition, I have completed the DEA Clandestine Laboratory certification course.

3.      This affidavit is submitted in support of a search warrant to authorize the search and retrieval of the contents of the communication and electronic devices (the "Subject Property") seized during the arrest of James Sandford III on March 24, 2015, at 216 Liberty Street Penn Yan, NY which may be records, fruits, instrumentalities and evidence of violations of and Title 21, United States Code, Section 841(a)(1) (possession with intent to distribute controlled substances) and Title 18, United States Code, Sections 922(g)(1) (felon in possession of a firearm) and 922(j) (receipt of a stolen firearm). The subject property to be searched consists of the following items (which are all currently in DEA custody):

(1) One LG Tracfone bearing S/N 412CQUK2128046.

(2) One HP laptop computer model 2000-2B09WM bearing S/N 5CG2390811

(3) One Amazon Kindle No. D01400

2

(4) One Olympus camera model no. SZ-10 bearing S/N JEHZ53456

(5) One Samson recorder "Go Mic" N382

(6) One I-Phone model A1532 IMEI 358534057592996

(7) One Alcatel Tracfone model A205G bearing S/N 013325000620258

(8) One ZTE Tracfone model Z990G bearing S/N 325822299332

4.    As a result of my personal participation in this investigation, and thorough analysis of documents and records obtained by DEA Agents and other law enforcement officers, I am familiar with all aspects of this investigation.  Since this affidavit is being submitted for the limited purpose of obtaining a search warrant, I have not included each and every fact known to me concerning this investigation.  I have set forth only the facts that I believe are necessary to establish the required foundation for the requested warrant.

## SUMMARY OF EVIDENCE SUPPORTING SEARCH & SEIZURE WARRANTS

5.    This investigation has relied in part on information from and proactive cooperation by a Confidential Source (CS).  The CS's reliability has been confirmed during the course of this investigation during which he/she has made a controlled purchase of narcotics, and by the fact that to date his/her information has proved credible and accurate and has been substantially corroborated.  It should be noted that this CS is cooperating with law enforcement in an effort to receive consideration for pending charges.  This application and the information contained within this affidavit are derived from an ongoing investigation as described more particularly below.

3

6.      In November of 2014, members of the Penn Yan Police Department received information from a Confidential Source (CS) in regards to the drug trafficking and distribution activities of James Sandford, III, who the CS also knew by the nickname "Malice." This information revealed that Sandford, III was purchasing synthetic cannabinoids, referred to by CS as "fake," in the Syracuse, New York area then distributing them throughout the Yates County, New York area for a considerable profit. The CS further advised that many of Sandford, III's drug customers included school-aged children. The CS stated that he/she had known Sandford, III to be involved the distribution of "fake" since approximately May 2014. The CS's knowledge of Sandford, III's drug activities is based upon personal observation and conversation with Sandford, III.

### Buy #1 of Synthetic Cannabinoids from James Sandford III

7.      On November 17, 2014, the CS, working at the direction of Penn Yan Police Department Investigator Thomas Dunham, made arrangements to purchase $50.00 worth of synthetic cannabinoids from Sandford, III. On or about that same date, Investigator Dunham searched the CS for money, weapons, drugs, and/or contraband with negative results. Investigator Dunham provided the CS with a recording device and $50.00 and then dropped the CS off in the vicinity of the location where the CS arranged to meet Sandford, III. Law enforcement surveillance observed the CS enter the arranged meeting location and then exit a short time later. Surveillance video from a local merchant recorded Sandford, III meeting with the CS during the controlled purchase.

4

8.     On that same date, Investigator Dunham picked up the CS after he/she exited the meeting location and the CS turned over the two bags of suspected synthetic cannabinoids along with the recording device.  Investigator Dunham then searched the CS for drugs and/or contraband with negative results.  The CS stated that he/she met with Sandford, III and purchased two bags of synthetic cannabinoids labeled "Geeked Up" and "Green Giant" from Sandford, III for $50.00.

9.     Laboratory analysis from the DEA North East Regional Laboratory revealed that the plant material in both packages contained XLR11 (1-(5-Fluoropentyl)-3-(2,2,3,3-tetramethylcyclopropoyl)indole), a schedule I controlled substance.

### Buy #2 of Synthetic Cannabinoids from James Sandford III

10.     On November 25, 2014, the CS and Investigator Dunham made arrangements to make another purchase of synthetic cannabinoids from Sandford, III. On that date, the CS communicated with Sandford, III to arrange the purchase of two bags of synthetic cannabinoids.  Investigator Dunham searched the CS for money, weapons, drugs, and/or contraband with negative results.  Investigator Dunham provided the CS with a recording device and $50.00 and then dropped the CS off in the vicinity of the location where the CS arranged to meet Sandford, III.  Law enforcement then conducted surveillance of the CS as the CS walked to and entered the meeting location and then picked the CS up after he/she exited the meeting location.  The CS gave Investigator Dunham two bags of suspected synthetic cannabinoids labeled "Geeked Up" that the CS purchased from Sandford, III, along with the recording device.  Investigator Cunningham then searched the

CS for drugs and/or contraband with negative results.  The CS stated that he/she met with Sandford, III and purchased two bags of "Geeked Up" for $50.00.

11.     Laboratory analysis from the DEA North East Regional Laboratory revealed that the plant material in both packages contained XLR11 (1-(5-Fluoropentyl)-3-(2,2,3,3-tetramethylcyclopropoyl)indole), a schedule I controlled substance.

## Vehicle Stop and Arrest of James Sandford, III

12.     On March 24, 2015, Investigator Dunham observed James Sandford, III stopped at a gasoline pump of the Byrne Dairy in the driver's seat of a green colored Cadillac bearing New York registration GLR2880.  Investigator Dunham also observed three other individuals with Sanford, III.  A check with the New York State Department of Motor Vehicles revealed that New York license plate GLR2880 is registered to James E. Sandford, the father of Sandford, III, for a green colored Cadillac Deville.  Investigator Dunham had prior knowledge that Sandford, III's driver's license had been suspended. Investigator Dunham then observed Sandford, III driving through the parking lot towards the rear of the Byrne Dairy and initiated a traffic stop.

13.     Investigator Dunham handcuffed Sandford, III and in searching him incident to arrest, located a large sum of money in his wallet and pants pocket.  Investigator Dunham also located a bag labeled "Jamaican Gold Super Extreme Pot Potpourri" in Sandford, III's pants pocket.  Sandford, III was then placed in the back of a patrol vehicle. The other individuals in the vehicle were identified as Philip White, Matthew Bruno, and Aaron Vermilye.  White told Investigator Dunham that Sandford, III had picked him up

while he was walking. Vermilye and Bruno both stated that they met Sandford, III in the

Byrne Dairy parking lot. Sandford, III was transported to the Penn Yan Police Department

and his vehicle was impounded and towed to the Penn Yan Police Department impound

lot. Sandford, III was then arraigned in Village Court and remanded to the Yates County

Jail.

14.     An inventory search of the vehicle was conducted by members of the Penn

Yan Police Department and the following items of evidence were seized:

A.   Six bags of suspected synthetic cannabinoids seized from between the
front driver's seat;

B.   Micro zip lock baggie with brown residue seized from under the
passenger front seat;

C.   One LG Tracfone bearing serial number 412CQUK2128046 seized
from the front driver's seat;

D.   Eight strips of Suboxone seized from a men's leather coat pocket
located in the trunk of the vehicle;

E.   $2,316.00 in US currency seized from the person of Sanford, III and
the glove box of the vehicle;

F.   Rolling papers seized from inside the front console;

G.   Two bags further containing 68 bags of suspected synthetic
cannabinoids seized from the trunk of the vehicle;

H.   A digital scale seized from the trunk of the vehicle;

I.   A MasterCard debit card and temporary Zoto's Factory identification
card belonging to Robert Pierce seized from the trunk;

J.   Nine empty bags of suspected synthetic cannabinoids seized from the
trunk;

K.   Three cellular telephones seized from the trunk: one I-Phone model
A1532 IMEI 358534057592996, one Alcatel Tracfone model A205G

bearing serial number 013325000620258, and one ZTE Tracfone model Z990G bearing serial number 325822299332;

L.   One HP laptop computer model 2000-2B09WM bearing serial 5CG2390811 seized from the trunk;

M.   One Amazon Kindle No. D01400 in a black case seized from the trunk;

N.   One Olympus digital camera bearing serial number JEH253456 seized from the trunk;

O.   Miscellaneous fireworks and a Samson Go-mic recorder with USB N382 seized from the trunk.

15.   The 75 full bags of suspected synthetic cannabinoids were transferred to the DEA North East Regional Laboratory for analysis.  Analysis by DEA Senior Forensic Chemist Maureen Craig revealed that in a sampling of the suspected synthetic cannabinoids recovered from the vehicle, the following substances were identified:

A.   Exhibit 1.01 (16 bags labeled "Geeked Up") AB-fubinaca and AB-chminaca confirmed in the 12 bags tested;

B.   Exhibit 1.02 (13 bags labeled "Caution") XLR11 confirmed in the 10 bags tested;

C.   Exhibit 1.03 (2 bags labeled "Pineapple" and 1 bag labeled "Black") AB-fubinaca confirmed in all 3 bags;

D.   Exhibit 1.04 (1 bag labeled "Brandy") AB-fubinaca and XLR11;

E.   Exhibit 1.05 (12 bags labeled "Jamaican" and 22 bags labeled "Kisha") NM2201 confirmed in the 18 bags tested;

F.   Exhibit 1.06 (1 bag labeled "Psycho") AB-chminaca and XLR11;

G.   Exhibit 1.07 (1 bag labeled "Psycho") AB-chminaca ;

H.   Exhibit 1.08 (4 bags labeled "Psycho") AB-fubinaca and AB-chminaca confirmed in all 4 bags;

I.   Exhibit 1.09 (1 bag labeled "Psycho") AB-fubinaca, AB-chminaca, and XLR11;

M.    Exhibit 1.10 (1 bag labeled "Black") AB-fubinaca and XLR11.

16.    AB-chminaca, AB-fubinaca and XLR11 are synthetic cannabinoids and schedule I controlled substances.  DEA utilized its emergency scheduling authority to control these three synthetic drugs.  XLR11 was emergency scheduled May 16, 2013; AB-fubinaca was emergency scheduled February 10, 2104; and AB-chminaca was emergency scheduled January 3, 2015.  Chemical and Pharmocological Experts at the DEA's Special Testing Laboratory determined that "NM2201" qualifies as a "controlled substance analogue" under Title 21 of the Controlled Substances Act, meaning that it is a man-made designer drug that resembles a Schedule I or II controlled substance both in molecular or chemical structure and is expected to have substantially similar actual or purported pharmacological effect.  NM2201 is an analogue of the schedule I controlled substance 5F-PB-22.

17.    Your affiant has also reviewed a recorded Yates County Jail conversation between Sandford, III and Alisha Wheeler at telephone number 315-759-1592 which occurred on April 8, 2015, while Sandford III was incarcerated.  During this conversation, Sandford, III and Wheeler discussed his arrest and Sandford, III claimed ownership of the electronic property seized from the vehicle.  Sandford, III explained to Wheeler that all of his cellular telephones, cameras, and other electronics that he had in the vehicle were listed as seized on his paperwork but the I-phone that he had was not.

18.    On May 5, 2015, Investigator Dunham transferred custody of the Subject Property, specifically one LG Tracfone bearing S/N 412CQUK2128046, one HP laptop

9

computer model 2000-2B09WM bearing S/N 5CG2390811, one Amazon Kindle No. D01400, one Olympus camera model no. SZ-10 bearing S/N JEHZ53456, one Samson recorder "Go Mic" N382, one I-Phone model A1532 IMEI 358534057592996, one Alcatel Tracfone model A205G bearing S/N 013325000620258, and one ZTE Tracfone model Z990G bearing S/N 325822299332, to your affiant for further investigation.

### Criminal History

19.    On May 5, 2015, your affiant conducted a criminal history inquiry of Sandford, III. This inquiry revealed that on March 22, 2011, Sandford III was convicted of Aggravated Criminal Contempt: violation of protection order cause physical injury, a class D felony in Duchess County Court, New York.  Sandford III was sentenced to a term of imprisonment of 1 year to 3 years.

### MAINTENANCE OF EVIDENCE

20.    During the course of my employment, I have previously reviewed evidence obtained from the execution of search warrants on cellular telephones and other electronic devices seized from individuals involved in the production and distribution of narcotics. These previous searches have resulted in the recovery of significant evidence tending to show involvement in drug trafficking, including relevant text messages between members of the organization, contact lists containing names and telephone numbers of the members of the organization, photographs of firearms, drugs, and large sums of money.  Further, based on my training, experience, and participation in this and other drug distribution

investigations and based upon my discussions with other DEA Agents and State and local investigators, I know that:

    a.    Individuals involved in the production and distribution of narcotics often employ cellular telephones as a means of communicating with each other. Individuals involved in narcotic production and distribution  commonly utilize cellular telephones to relay a variety of illicit information including, but not limited to, telephone numbers of co-conspirators, digital codes to identify the caller, digital codes to indicate the location of a meeting place, purchase prices for the sale of narcotics, or other information designed to facilitate criminal activity;

    b.    Individuals involved in the production and distribution of narcotics and the illegal possession of firearms frequently maintain in the memories of their electronic storage devices the names, telephone numbers, recorded messages, photographs and other items of information concerning themselves and their coconspirators, meaning individuals associated in their criminal activities. Individuals involved in the production and distribution of narcotics commonly maintain electronic communication and storage devices in their residences and vehicles that are utilized to further their narcotics manufacturing and trafficking activities;

    c.    Individuals involved in the production and distribution of narcotics and the illegal possession of firearms commonly take, or cause to be taken,

11

photographs/videos of themselves, their associates, their property, and/or their drugs and/or firearms. These photographs/videos are usually maintained in their residences and/or stored in electronic storage mediums, including but not limited to cellular camera telephones and digital cameras;

d.      Cellular telephones frequently have voicemail and telephone directory features, as well as methods to learn the telephone number associated with each cell phone. Cellular telephones also typically contain records of recent call activity, both incoming and outgoing calls, and lists of stored telephone numbers and other identifying information, such as names;

e.      Cellular telephones typically have voicemail and/or text-messaging features, which permit the cellular telephone user to send and receive voice mail and/or text messages. Voicemail and text messages are typically stored on the computer network of the provider of the cell phone's telephone service, which network is external to the cell phone. Sent and received text messages may also be stored on the cell phone itself;

f.      Cellular telephones with camera functions permit the cell phone user to take photographs and/or videos that are stored on the cellular telephone itself;

g.      The information described above usually remains accessible in the cellular telephone's memory card even if the cellular telephone has lost all battery power, and not been used for an extended period of time;

12

h.      Certain electronic devices, including I-Phones, Blackberries, i-Pods, Android phones, and Kindles store information such as email messages, chats, multimedia messages, installed applications or other electronic communications, calendars, notes, passwords, dictionary entries, Global Positioning Satellite ("GPS") entries, internet protocol connections, and location entries, including cell tower and WiFi entries, and internet or browser entries or history. In addition, these devices often contain proprietary software, in the form of system, data, or configuration information, which enable the types of information and data described above to be accessed and analyzed. These items remain stored on the electronic devices even if the device in question has lost all battery power, and has not been used for an extended period of time;

i.      Individuals involved in the production and distribution of narcotics and the illegal possession of firearms often use e-mail, social networking websites, and the internet to further their criminal activity, by, among other things, communicating with their coconspirators, meaning others who are involved with and/or or provide assistance with the illegal production, manufacture, possession or trafficking of drugs, and posting information about their exploits.

## PROBABLE CAUSE TO SEARCH FOR FRUITS, EVIDENCE, AND INSTRUMENTALITIES OF FIREARMS & NARCOTICS TRAFFICKING

21.     Based on the above, and upon my training and experience, your affiant submits that probable cause exists to believe that the Subject Property[1] seized on March 24, 2015, contains information that constitutes records, fruits, instrumentalities, or evidence of a crime, to wit, violations of Title 21, United States Code, Sections, 841(a)(1) (possession with intent to distribute controlled substances) and Title 18, United States Code, Sections 922(g)(1) (felon in possession of a firearm) and 922(j) (receipt of a stolen firearm), as well as content tending to prove the identity of and relationships between any co-conspirators[2] or any acts furthering a conspiracy to illegally possess and distribute controlled substances and/or to illegally possess firearms, including the specific information and data set forth in Attachment A, attached hereto.

22.     Wherefore, it is respectfully requested that the Court issue the above requested search warrant authorizing law enforcement officers to search the Subject Property for evidence of violations of Title 21, United States Code, Sections 841(a)(1) (possession with intent to distribute controlled substances) and Title 18, United States Code,

---

[1] The seizure and subsequent search of the Subject Property will be done in accordance with the attached Computer Search Addendum
[2] Meaning any individuals who conspired with, or aided and abetted James SANFORD, III relating to the distribution of controlled substances and controlled substance analogues and the illegal possession of firearms.

Sections 922(g) (felon in possession of a firearm) and 922(j) (receipt of a stolen firearm), as

set forth in Attachment A annexed hereto.

BRIAN HANLEY
DEA SPECIAL AGENT

Subscribed and sworn to before
me this __4__ day of June, 2015

HONORABLE MARIAN W. PAYSON
UNITED STATES MAGISTRATE JUDGE

15

ATTACHMENT A

All stored content related to the illegal purchase, possession and/or distribution of controlled substances and firearms, including violations of Title 21, United States Code, Section 841(a)(1) (possession with the intent to distribute and distribution of controlled substances) and Title 18, United States Code, Sections 922(g)(1) (felon in possession of a firearm) and 922(j) (receipt of a stolen firearm) and content tending to prove the identity of and relationships between any co-conspirators or any acts furthering a conspiracy to illegally purchase, possess or traffic firearms or controlled substances, created, generated or occurring on or after May 1, 2014 to March 24, 2015, including, but not limited to:

1.    Any subscriber information, contact information to include, names, addresses, telephone numbers, email addresses or other identifiers;

2.    Any call log information, including missed, incoming and outgoing calls and any information associated with those numbers;

3.    Any photographs, video and audio files;

4.    Any text messages, email messages, chats, multimedia messages, installed applications or other electronic communications;

5.    Any calendar, note, password, dictionary entries;

6.    Any Global Positioning Satellite (GPS) entries, Internet Protocol Connections, location entries to include addresses, cell tower and WiFi entries;

7.    Any internet or browser entries or history;

8.    Any system, data or configuration information contained within the device

ATTACHMENT A

All stored content related to the illegal purchase, possession and/or distribution of controlled substances and firearms, including violations of Title 21, United States Code, Section 841(a)(1) (possession with the intent to distribute and distribution of controlled substances) and Title 18, United States Code, Sections 922(g)(1) (felon in possession of a firearm) and 922(j) (receipt of a stolen firearm) and content tending to prove the identity of and relationships between any co-conspirators or any acts furthering a conspiracy to illegally purchase, possess or traffic firearms or controlled substances, created, generated or occurring on or after May 1, 2014 to March 24, 2015, including, but not limited to:

1. Any subscriber information, contact information to include, names, addresses, telephone numbers, email addresses or other identifiers;

2. Any call log information, including missed, incoming and outgoing calls and any information associated with those numbers;

3. Any photographs, video and audio files;

4. Any text messages, email messages, chats, multimedia messages, installed applications or other electronic communications;

5. Any calendar, note, password, dictionary entries;

6. Any Global Positioning Satellite (GPS) entries, Internet Protocol Connections, location entries to include addresses, cell tower and WiFi entries;

7. Any internet or browser entries or history;

8. Any system, data or configuration information contained within the device

# ATTACHMENT A

All stored content related to the illegal purchase, possession and/or distribution of controlled substances and firearms, including violations of Title 21, United States Code, Sections 841(a)(1) (possession with the intent to distribute and distribution of controlled substances) and 846 (conspiracy to possess with intent to distribute and distribution of controlled substances and controlled substance analogues) and Title 18, United States Code, Sections 922(g)(1) (felon in possession of a firearm), 922(j) (receipt of a stolen firearm) and 924(c) (possession of a firearm in furtherance of a drug trafficking crime) and content tending to prove the identity of and relationships between any co-conspirators or any acts furthering a conspiracy to illegally purchase, possess or traffic firearms or controlled substances, created, generated or occurring on or after May 1, 2014 to March 24, 2015, including, but not limited to:

1. Any subscriber information, contact information to include, names, addresses, telephone numbers, email addresses or other identifiers;

2. Any call log information, including missed, incoming and outgoing calls and any information associated with those numbers;

3. Any photographs, video and audio files;

4. Any text messages, email messages, chats, multimedia messages, installed applications or other electronic communications;

5. Any calendar, note, password, dictionary entries;

6. Any Global Positioning Satellite (GPS) entries, Internet Protocol Connections, location entries to include addresses, cell tower and WiFi entries;

7. Any internet or browser entries or history;

8. Any system, data or configuration information contained within the device